UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-04066-GW (DFM) | | Date: | April 4, 2024 |
|---|---|---|---|---|
| Title | James White v. J. Sanchez et al. | | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | **(IN CHAMBERS) Order Re: Defendant's Motion to Strike (Dkt. 56)** |
|---|---|

In October 2023, the Court issued an order granting Defendant J. Sanchez's motion to dismiss and dismissing Plaintiff's Second Amended Complaint with leave to amend. See Dkt. 43. The Court explained that the SAC appeared to assert both an access to court claim and a retaliation claim under the First Amendment but lacked sufficient facts to support either claim. See id. at 5-11. The Court directed Plaintiff to file a Notice of Election and, if applicable, Third Amended Complaint ("TAC") within thirty-five (35) days. See id. at 12. This Order was returned by the Postal Service as undeliverable. See Dkt. 44. In December 2023 the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. See Dkt. 45. Plaintiff responded by filing a Notice of Change of Address but did not file his Notice of Election. See Dkt. 46. The Court issued an order on January 25, 2024, directing Plaintiff to file his Notice of Election (and, if applicable, TAC) within twenty-one (21) days. See Dkt. 49.

On February 20, 2024, Plaintiff filed a Notice of Election indicating that he had opted to file a TAC, but he also moved for an extension of time to file the TAC itself. See Dkts. 51-52. The Court granted the motion and extended the deadline to file the TAC until March 10, 2024. See Dkt. 53. Plaintiff filed his TAC on March 18, 2024. See Dkt. 54.

Defendant has moved to strike the TAC in its entirety as untimely, arguing that Plaintiff has repeatedly failed to respond to the Court's orders and, despite obtaining an extension of time to file the TAC, still missed the March 10, 2024 deadline. See Dkt. 56-1 at 3-4. In the alternative, Defendant asks the Court to screen the TAC under 28 U.S.C. § 1915A and dismiss any claims that the TAC fails to state. See id. at 4.

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f)(1). Here, Plaintiff filed his

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

TAC eight days after the Court's most recent deadline. Defendant does not allege any prejudice resulting from this delay. Given this, and considering Plaintiff's incarceration and pro se status, the Court declines to strike the TAC as untimely.

From a review of the TAC, the Court understands Plaintiff to allege that Defendant retaliated against him, in violation of his First Amendment rights. See TAC ¶¶ 49-54. Specifically, Plaintiff alleges that Defendant failed to follow state regulations and the CDCR Department of Operations Manual when he inventoried Plaintiff's property during Plaintiff's move to administrative segregation. See id. ¶¶ 36-38. Defendant refused to correct this alleged error and threatened Plaintiff with the loss of all of his property if he did not sign the incorrect form. See id. ¶¶ 37-40. After Plaintiff threatened to file a grievance against Defendant (or sue him), Defendant caused Plaintiff's property, including several boxes of legal documents, to be destroyed. See id. 42-47.

While Plaintiff alleges that the property destroyed included legal documents in "active cases," he does not indicate anywhere in the TAC that he seeks to assert a claim for denial of access to the courts. The Court therefore proceeds on the assumption that Plaintiff no longer seeks to assert an access to court claim. Separately, Plaintiff devotes much of the TAC to alleging misconduct by prison officials who are not parties to this action, based on alleged incidents that are separate from the incident that gave rise to Plaintiff's claim against Defendant; he calls for the "firing" and/or "criminal prosecution" of those officials. See id. ¶¶ 17-35. These allegations and requests are beyond the scope of the Court's grant of leave to amend, are immaterial to Plaintiff's claim against Defendant, and are not cognizable in an § 1983 action.

**Accordingly, the Court STRIKES from the TAC the allegations set forth in ¶¶ 17-35. The Court construes the TAC to assert only a First Amendment retaliation claim against Defendant. Defendant shall file a responsive pleading to the TAC no later than thirty (30) days from the date of this Order. Defendant's Motion to Strike is otherwise DENIED.**