ROB BONTA
Attorney General of California
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3582
Fax: (415) 703-5843
E-mail: Marisa.Kirschenbauer@doj.ca.gov
*Attorneys for Defendant*
*J. Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **JAMES E. WHITE,**<br>Plaintiff,<br>**v.**<br>**J. SANCHEZ,**<br>Defendant. | 2:21-cv-04066 GW (DFM)<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br>Courtroom: 6B, 6th Floor<br>Judge: The Honorable Douglas F. McCormick<br>Action Filed: 5/14/2021 |

## INTRODUCTION

Plaintiff James E. White (AI5074) is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently housed at California Health Care Facility-Stockton. He brings this Third Amended Complaint (TAC) under 42 U.S.C. § 1983, alleging that Defendant Sanchez destroyed Plaintiff's property in retaliation for Plaintiff exercising his constitutionally protected rights. But despite being given multiple opportunities by the Court to cure the defects in his complaints, Plaintiff's TAC still fails to state a claim upon which relief can be granted. Because Plaintiff has not stated a cognizable claim that Defendant violated his First Amendment rights, and because

Defendant is entitled to qualified immunity, Defendant respectfully requests the Court grant this motion and dismiss this matter with prejudice.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff is a California state prisoner, currently housed at California Health Care Facility-Stockton. At all times relevant to his complaint, he was housed at the California Men's Colony in San Luis Obispo, California. (ECF No. 54 ¶ 6.) Defendant is employed at California Men's Colony. (*Id.* ¶ 7.) The events at issue occurred at California Men's Colony. (*See generally* ECF No. 54.)

Approximately three pages of Plaintiff's TAC are devoted to his filing of grievances and lawsuits against multiple correctional officers, other than Defendant Sanchez. (ECF No. 54 at 4-6.) Plaintiff alleges that these officers are friends and co-workers of Defendant. (ECF No. 54 ¶¶ 22, 25, 27, 32.)

On April 10, 2020, Plaintiff participated in a riot in the main dining hall at California Men's Colony. (ECF No. 54 ¶¶ 34-35.) As a result of the incident, Plaintiff was placed in administrative segregation. (*Id.*) While waiting to be placed in administrative segregation, Plaintiff claims Defendant approached him to inventory his personal property; Defendant supposedly also told Plaintiff to sign an inventory form or risk losing his property. (ECF No. 54 ¶¶ 38, 40.) Plaintiff refused to sign the inventory form. (ECF No. 54 ¶ 39.) Plaintiff also stated that, if he lost his property, he would "file a grievance and sue Defendant." (ECF No. 54 ¶ 40.)

About a month later, Defendant allegedly came by Plaintiff's cell with a second inventory form and told Plaintiff that staff had consolidated all of Plaintiff's property. (ECF No. 54 ¶ 42.) Plaintiff contends that there was no lawful basis for Defendant to consolidate and inventory Plaintiff's property. (ECF No. 54 ¶ 43.) Plaintiff further contends that Defendant falsified the 1083 form he asked Plaintiff to sign regarding Plaintiff's property. (ECF No. 54 ¶ 44.) Plaintiff refused to sign the 1083 form. (ECF No. 54 ¶ 47.) Plaintiff claims that the legal documents in the

six boxes pertained to several active cases and "grievances, letters, and complaints" against Defendant's co-workers and friends. (ECF No. 54 ¶ 45.) Defendant then allegedly destroyed Plaintiff's property, including the six boxes of legal documents. (ECF No. 54 ¶ 48.)

Plaintiff contends that "but for [his] exercise of his constitutionally protected right, Defendant would not have" falsified the records pertaining to Plaintiff's property or destroyed the property. (ECF No. 54 ¶ 51.)

## STANDARD ON MOTION TO DISMISS

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); (h)(2)(A). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. A complaint that fails to allege facts that support a plausible, as opposed to a merely conceivable, claim fails to state facts sufficient to constitute a cause of action and courts should dismiss such a complaint. *Id*.

Courts accept the facts alleged in the complaint as true when reviewing a motion to dismiss. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Although detailed factual allegations are not required, a complaint needs more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facts alleged must "raise a right to relief above the speculative level." *Id.* Dismissal is proper if the complaint "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable theory." *Somers v. Apple,*

*Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Dismissal without leave to amend is appropriate if clear that amendment will not save the complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).

If the Court finds the complaint is subject to dismissal, the Court has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is *pro se*. *Id*. at 1130-31. However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also, e.g., Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where an amendment would not cure the "basic flaw" in the pleading).

## ARGUMENT

The Court should dismiss this case for two reasons. First, Plaintiff has not properly asserted a retaliation claim. Specifically, he does not allege sufficient facts to support the causal element of a retaliation claim, nor does he state facts that he was chilled as a result of Defendant's actions. Second, Defendant is entitled to qualified immunity because he did not violate Plaintiff's constitutional rights and the law had not clearly established that Plaintiff had a right to the property. The Court should therefore grant this motion and dismiss the case with prejudice.

### I. PLAINTIFF HAS NOT PROPERLY ASSERTED A FIRST AMENDMENT RETALIATION CLAIM.

To state a claim for retaliation in violation of the First Amendment in the prison context, a plaintiff must allege: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim v. Cry,* 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005) (as amended)). The "plaintiff must show a causal connection between a defendant's retaliatory animus and subsequent injury . . . ." *Hartman v. Moore,* 547 U.S. 250, 259 (2006). More specifically, a plaintiff must show his constitutionally protected conduct was the "substantial or motivating factor" for the alleged retaliatory action. *See Brodheim*, 584 F.3d at 1271 (internal quotation marks and citation omitted).

While the TAC improves on Plaintiff's previous allegations and it now arguably states facts regarding Plaintiff's constitutionally protected activity and an adverse action—that Defendant allegedly destroyed Plaintiff's property—the TAC still fails to state facts regarding causation and a chilling of Plaintiff's constitutional rights.

**A. Plaintiff fails to allege causal elements of a retaliation claim.**

Plaintiff fails to allege sufficient facts regarding the causal element of Plaintiff's retaliation claim. Specifically, Plaintiff's TAC contains no facts showing that the adverse action—destroying Plaintiff's property—was "because of" Plaintiff engaging in protected conduct. Simply alleging that Plaintiff communicated an intent to file a grievance or sue Defendant and then alleging that Defendant destroyed Plaintiff's property, without making a clear causal connection between the events, is insufficient to support the causation element of a retaliation claim. *See Capp v. County of San Diego,* 940 F.3d 1046, 1053 (9th Cir. 2019) ("[A] plaintiff must show that the defendant's retaliatory animus was a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.")

Here, the TAC indicates that Plaintiff's property was destroyed because Plaintiff refused to sign the forms regarding his property. (ECF No. 54 ¶¶ 40, 47, 48.) Plaintiff does not state specific facts that his property was destroyed because

of the grievance that Plaintiff filed against Defendant. He merely states that, at some point, he filed a grievance against Defendant, and at some point, after Plaintiff refused to sign two separate forms regarding his property, Defendant allegedly destroyed six boxes of Plaintiff's property. (*Id.*) Notably, Plaintiff does not even mention when his property was destroyed in relation to when he filed a grievance against Defendant. (*See* ECF No. 54, generally.)

Additionally, Plaintiff devotes approximately three pages of the TAC to discussing his filing of grievances and lawsuits against multiple other correctional officers at California Men's Colony. (ECF No. 54 at 4-6.) In support of his retaliation claim against Defendant, Plaintiff alleges that these other correctional officers whom Plaintiff is suing are friends and co-workers of Defendant. (ECF No. 54 ¶¶ 22, 25, 27, 32.) But importantly, nowhere in the TAC does Plaintiff allege that Defendant somehow knew about these other grievances or lawsuits that - Plaintiff has submitted against Defendant's co-workers. (*See* ECF No. 54 ¶¶ 17-35.)

In the Court's order dismissing the Second Amended Complaint, the Court noted that, "under Plaintiff's reasoning, every unwarranted confiscation of personal property would be sufficient to state a retaliation claim against a plaintiff who had filed some grievance or lawsuit against prison officials." That same reasoning applies again to the TAC. Because of Plaintiff's failure to once again include facts showing a causal connection between his protected conduct and Defendant's actions, Plaintiff fails to state facts regarding the causal element of a retaliation claim and on that basis, the TAC should be dismissed.

### B. Plaintiff does not allege facts showing that Defendant's actions chilled Plaintiff's exercise of his First Amendment rights.

Plaintiff also does not allege facts in his TAC to show that Defendant's actions chilled the exercise of Plaintiff's First Amendment rights, as is required for a retaliation claim. *See Rhodes,* 408 F.3d at 567 n.11; see also *Brodheim v. Cry,* 584

F.3d 1262, 1271 (9th Cir. 2009) (explaining that "an objective standard governs the chilling inquiry; a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'") In his TAC, Plaintiff alleges no facts that he was chilled as a result of Defendant's actions. (*See TAC*, generally.) Instead, Plaintiff merely recites the elements of a retaliation claim and alleges—without citing any specific facts—that Defendant's conduct "would chill a person of ordinary firmness in the exercise of their First Amendment right to petition for a redress of grievances." (ECF No. 54 ¶ 53.)

Because Plaintiff fails to plead facts sufficient to support the elements of a claim for retaliation, despite several attempts to do so and instruction from the Court, Defendant respectfully requests that the TAC be dismissed with prejudice.

## II. DEFENDANT IS NOT LIABLE UNDER QUALIFIED IMMUNITY.

Qualified immunity shields Defendant from liability. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Qualified immunity exists to shield an officer from liability for 'mere mistakes in judgment, whether the mistake is one of fact or one of law.'" *Longoria v. Pinal Cnty.*, 873 F.3d 699, 704 (9th Cir. 2017) (quoting *Butz v. Economou*, 438 U.S. 478, 507 (1978)).

In determining whether an officer is entitled to qualified immunity, courts consider whether (1) there has been a violation of a constitutional right and (2) that right was clearly established at the time of the officer's alleged misconduct. *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citing *Pearson*). A government official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would [have understood] that what he is doing violates that

right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (alteration in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). No case directly on point is necessary; only existing precedent must have placed the statutory or constitutional question beyond debate. *Id.* (citations omitted). For this inquiry, only binding precedent is relevant. *Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022) (citing *Boyd v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004)).

Under the first prong of the analysis, Defendant is entitled to qualified immunity because no constitutional violation occurred. However, the second prong is also satisfied. Plaintiff bears the burden of proving the law was clearly established. *Davis v. Scherer,* 468 U.S. 183, 197 (1984). Here, the issue presented is whether it has been clearly established that prisoners had a right to their property and that their property could not be confiscated in the event that an inmate refuses to sign a property disposition form. To Defendant's knowledge, no case law supports this assertion. Thus, reasonable prison staff would not have been aware that confiscating Plaintiff's property because Plaintiff refused to sign a property disposition form was a constitutional violation. Defendant is therefore entitled to qualified immunity.

## CONCLUSION

The facts alleged in Plaintiff's TAC do not show that Defendant's conduct violated a constitutional right. While Plaintiff did improve on previous iterations of the complaint, Plaintiff still failed to allege facts that Defendant's conduct was because of Plaintiff's exercise of constitutionally protected rights, or that Defendant's conduct chilled Plaintiff's actions. Defendant is also entitled to qualified immunity because his actions did not violate a constitutional right, nor was such a constitutional right clearly established at the time of the conduct. Because Plaintiff has failed to state a claim for retaliation and Defendant is entitled to qualified immunity, the Court should dismiss Plaintiff's TAC with prejudice.

Dated: May 13, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California

*/S/ Marisa Kirschenbauer*
MARISA KIRSCHENBAUER
Supervising Deputy Attorney General
*Attorneys for Defendant*
*J. Sanchez*

LA2022401620
44162564.docx