Pedro White Sr.
CDCR # AI-5074
P.O. Box 213040
Stockton, CA 95213

Plaintiff in pro se

FILED
CLERK, U.S. DISTRICT COURT
JUL 16 2024
CENTRAL DISTRICT OF CALIFORNIA
BY MPV DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO WHITE SR., Plaintiff, v. J. SANCHEZ, Defendant. | 2:21-CV-04066-GW (DFM)<br><br>Memorandum of Points and Authorities in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Third Amended Complaint<br><br>Courtroom: 6B<br>Judge: Douglas F. McCormick<br>Action Filed: May 14, 2021 |

SUMMARY OF ARGUMENT IN OPPOSITION

After Plaintiff threatened to take legal action against Defendant for his misconduct, Defendant destroyed Plaintiff's property, in violation of state regulatory and criminal law. On this basis alone, Defendant's motion to dismiss must be denied, because our circuit has long held that the destruction of an inmate's property by a prison guard, following the inmate's threat or exercise of Petition Clause activity against that guard, satisfies the pleading requirement for claims of First Amendment retaliation.

Plaintiff has also alleged sufficient circumstantial evidence to establish that Defendant's unlawful acts were plausibly in retaliation for

Plaintiff's prior and continued pursuit of the criminal investigation and prosecution of Defendant's friends.

And contrary to Defendant's assertion, whether Plaintiff was chilled from further protected activity is irrelevant, because the standard of inquiry is generic and objective, not specific and subjective. The relevant question is thus whether Defendant's retaliatory conduct would chill a person of ordinary firmness from future Petition Clause activity. Almost all of the apposite caselaw suggests it would.

Because the retaliatory destruction of inmate property has long been held to violate the First Amendment, immunity cannot attach either. Defendant's motion must be denied.

DEFENDANT'S FACTUAL MISREPRESENTATIONS

Defendant's summary of Plaintiff's allegations makes several material misrepresentations. Defendant asserts that Plaintiff alleges that he "was in a riot." (Def.'s P.&A. Supp. Mot. Dismiss 2:13, ECF No. 62.) Nowhere does Plaintiff allege this, nor has this ever been claimed anywhere, anytime, by anyone. Rather, Plaintiff witnessed Defendant's friends and coworkers brutally assault an inmate. (TAC ¶ 29, ECF No. 54.) Neither Plaintiff nor any other inmate was involved, and there was no riot or allegation of one. (Id. ¶¶ 33-34.) But hours after Plaintiff and all other witnesses were sent home, Plaintiff was sent to Ad-Seg under the false accusation that during the assault he made comments condemning the unreasonable use of force, which constituted "inciting" a nonexistent "riot." (Id. ¶¶ 34-35.)

Second, Defendant falsely states that Plaintiff alleges that Defendant "told Plaintiff to sign an inventory form." (Def.'s P.&A. Supp. Mot. Dismiss 2:17, ECF No. 62.) Nowhere does Plaintiff allege this. To the contrary, Plaintiff alleges that Defendant did not provide an inventory form, but rather a cell search receipt, and that this unlawful act was the reason Plaintiff

refused to sign it and warned Defendant that he would take legal action on this issue. (TAC ¶¶ 37-40, ECF No. 45.)

## ARGUMENT

### I. Plaintiff alleges a plausible claim that Defendant's misconduct was retaliatory, and would chill a person of ordinary firmness from future protected activity

#### A. After Plaintiff threatened to take legal action against him, Defendant's unlawful destruction of his property was plausibly done in retaliation

Defendant claims that Plaintiff "fails to allege causal elements of a retaliation claim." (Def.'s P.&A. Supp. Mot. Dismiss 5:14, ECF No. 62.) It is not enough, says Defendant, to allege that "Plaintiff communicated an intent to file a grievance or sue Defendant and then alleging that Defendant destroyed Plaintiff's property ..." (P.&A. 5:18, ECF No. 62.) If this were enough, Defendant says, every unwarranted confiscation of property would be sufficient for a retaliation claim if a plaintiff had filed some legal action against officials. (Id. 6:17, ECF No. 62.)

Defendant is wrong for several reasons. First, Plaintiff is not alleging the "confiscation" of his property following his legal action, at some prior time, against "some" officials. Rather, he alleges the destruction of his property, including all six boxes of his legal papers, including those on multiple active criminal complaints against Defendant's friends, immediately following Plaintiff's threat of legal action aginst Defendant himself, for Defendant's attempt to get Plaintiff to sign a document that did not reflect that said legal boxes existed, and would thus have created a legal presumption that they did not. (TAC ¶¶ 37-39, ECF No. 54.)

This allegation is quite different, and amply satisfies the pleading standard for retaliation claims in our circuit. "There are numerous cases holding that ... allegations regarding confiscation or destruction of property of a prisoner's property without justification or explanation states a section

1983 claim." Abascal v. Fleckenstein, No. 06-CV-3495, 2008 U.S. Dist. LEXIS 60322, * 18 (W.D.N.Y. July 30, 2008). Retaliation against prisoners via the destruction of their property is "the very archetype of a cognizable First Amendment retaliation claim." Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Under Defendant's reasoning officials could always get away with destroying the legal papers of inmates filing legal claims against them, as long as the official was not stupid enough to make some comment or give other direct evidence of retaliatory intent. This is absurd.

**B. It is plausible that Defendant's unlawful destruction of Plaintiff's legal property was done in retaliation for Plaintiff's prior and then-active pursuit of the criminal prosecution of Defendant's friends**

Defendant also seeks dismissal on the ground that Plaintiff does not allege that Defendant knew about Plaintiff's legal actions against his friends. (P.&A. 6:12, ECF No. 62.) But the lack of any direct evidence of what Defendant knew is typical in retaliation pleadings, and the circumstantial evidence that Defendant did know is more plausible that not, which is enough to survive disimssal.

"Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, [an] allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); accord Capp v. County of San Diego, 940 F.3d 1046, 1055 (9th Cir. 2019), Adjaye v. Cook, No. 23-CV-01234-AGT, 2024 U.S. Dist. LEXIS 26821, * 11 (N.D. Cal. Feb. 15, 2024), Wray v. Greenburg, 646 F.Supp.3d 1084, 1105 (D.Az. 2022). Plaintiff is not required to prove retaliation at the pleading stage, nor show that the protected activity was the "but-for" motive of the retaliatory action, contrary to Defendant's assertion. E.g., Wray, id., at p. 1105. The relevant inquiry is whether the allegations state a set of facts that "plausibly" infer retaliatory intent. Id.

Plaintiff is allowed to show circumstantial evidence that Defendant's

acts were in retaliation for the complaints against his friends, and has done so. First, the chronology of events supports this. For four straight months prior to, and during, the time Defendant destroyed his legal papers, Plaintiff had been seeking the criminal prosecution -- i.e., the imprisonment of -- Defendant's friends. (TAC ¶¶ 17-35.) This included, unusually, complaints to the Grand Jury, Internal Affairs, and the District Attorney. (Id.) It is plausible that Defendant's friends, at some point over these four months, told him about this.

Additionally, the "proximity in time between [the] protected speech and the alleged retaliation" is "evidence probative of retaliatory intent." Samson v. Wells Fargo Bank, 777 Fed.App'x 881, 884 (9th Cir. 2019), accord O'Kell v. Haaland, 598 F.3d 1032, 1049 (E.D.Wa. 2022).

And many cases have found circumstantial evidence of retaliation was well-pleaded where the adverse action was taken by a defendant for the protected activity of a plaintiff against the defendant's friend or coworker, even absent direct evidence that the defendant was told about the protected activity, just as in this case. E.g., KJP v. County of San Diego, 621 F.Supp.3d 1097, 1121 (S.D.Cal. 2022) (against defendant's coworkers), Snyder v. Cal. Dep't Corr. & Rehab., No. CV-18-01233-PSG-RAO, 2019 U.S. Dist. LEXIS 119152, * 12-13 (C.D.Cal. May 8, 2019) (inmate filed grievance on defendant's coworker), Farid v. Goord, 200 F.Supp.2d 220, 237 (W.D.N.Y. 2002) (defendant's assignment to same area as coworker created inference that defendant was aware of facts), Dykes-Bay v. Benson, No. 18-1962, 2018 U.S. App. LEXIS 32882, * 3-6 (6th Cir. Nov. 20, 2018) (reversing dismissal of claim alleging retaliation by defendant for plaintiff's grievance against non-defendant coworkers), Davis v. Callado, No. 16-CV-7139-KMK, 2018 U.S. Dist. LEXIS 169419, * 2-3 (S.D.N.Y. Sept. 29, 2018) (finding plausible that defendant retaliated for plaintiff's grievance against coworkers).

Further circumstantial evidence of Defendant's retaliatory intent is shown by his departure from several important laws, regulations, and policies. A defendant's departure from procedure, or abrupt change in his adherence thereto, soon after protected Petition Clause activity against him, is prima facie evidence of retaliation. Young v. Mayer, 669 F.Supp.3d 719, 734 (E.D.Wa. 2023) (denying defendant's motion to dismiss retaliation claim because his failure to follow procedure was circumstantial evidence of retaliation), accord DeSio v. Singh, 19-CIV-3954 (JCM), 2021 U.S.Dist.LEXIS 185740, * 39 (S.D.N.Y. Sept. 28, 2021), Howard v. Foster, 208 F.Supp.3d 1152, 1160 (D.Nev. 2016).

In this case, Defendant violated numerous laws and policies. He destroyed documentary evidence in an active case, recorded a false statement, and created a false record, all in violation of Penal Code sections 135, 115, and 115.3. He also violated departmental regulations governing the registration and disposition of inmate property. (TAC ¶¶ 37, 38, 41, 44, 47 (alleging violations of Cal. Code Regs., tit. 15, §§ 3161, 3190.) Such violations of procedure apply to non-officer defendants, but are especially egregious when carried out by peace officers, who are presumed to know the laws and procedures governing their conduct. Ingram v. Shipman-Meyer, 241 F.Supp.3d 124, 142 n. 7 (D.D.C. 2017), Levine v. City of Bothell, 904 F.Supp.2d 1124, 1136 (W.D.Wa. 2012).

C. A person of ordinary firmness would be chilled from further Petition Clause activity if his active criminal complaints and other legal papers were destroyed by the friend of those he complained against

Although Defendant recites the correct caselaw governing the "chilling effect" factor of the retaliation inquiry, he then mistakenly argues that Plaintiff has failed to allege that he suffered such an injury. (P.&A. 6:26.) It is irrelevant whether Plaintiff's activity was chilled, as the inquiry is an objective one, and requires only that the adverse action "would chill or

silence a person of ordinary firmness from future First Amendment activities." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). Plaintiff has amply met that standard, and he is "under no obligation to prove motivation at the pleading stage." Segreti v. Gillen, 259 F.Supp.2d 733, 736 (N.D.Ill. 2003).

CONCLUSION

Defendant's motion must be denied.

Dated: July 2, 2024

Respectfully submitted,

PEDRO WHITE SR.
Plaintiff in pro se

# PROOF OF SERVICE BY MAIL
# [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF San Joaquin

I am a citizen of the County of San Joaquin, State of California. I am a citizen of the United States of America. I am over the age of eighteen (18) and not a party to this action. I am a resident of the County of San Joaquin, CDCR# A1-5074

My address is:

California Health Care Facility
P.O. Box 213040
Stockton, CA 95213

On 7-11, 2024, I served via United States Mail a copy of the following document(s):

P&A Opp. Mot. Dismiss

The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox or other like facility addressed to:

Attorney General
455 Golden Gate Ave., Ste. 11000
SF, CA 94102

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on 7-11, 2024 in San Joaquin County, California.

Pedro White Sr
Type or Print Name

[signature]
Signature

California Health Care Facility
Name: Pedro White Sr CDCR # AI 5074
Facility: CHCF-Stockton Bldg.: PWC Cell: 202
P.O. Box: 213040
Stockton, CA 95213
INMATE MAIL

SACRAMENTO CA 957
12 JUL 2024 PM 3 L

quadient
FIRST-CLASS MAIL
IMI
$000.88
07/12/2024 ZIP 95215
043M32206974
US POSTAGE

RECEIVED
CLERK, U.S. DISTRICT COURT
JUL 16 2024
CENTRAL DISTRICT OF CALIFORNIA
BY

United States District Court
Central District of California
255 East Temple Street Room 180
Los Angeles CA 90012

Legal mail

90012-354760

#85238 7/11/24 [illegible]