Pedro White Sr.
CDCR # AI-5074
P.O. Box 213040
Stockton, CA 95213

Plaintiff in pro se

FILED
CLERK, U.S. DISTRICT COURT
OCT 31 2024
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEDRO WHITE SR., Plaintiff, v. J. SANCHEZ, Defendant. | 2:21-04066-GW (DFM)<br>**Plaintiff's Objections to Report and Recommendation of United States Magistrate Judge**<br>Judge: Douglas F. McCormick<br>Action Filed: May 14, 2021 |

Plaintiff respectfully requests that this Court read his response in opposition to Defendant's motion to dismiss, in which he succinctly rebuts the Report's analysis (which just adopts the Defendant's) that Plaintiff objects to here.

All that is required for Plaintiff to survive a motion to dismiss under Rule 12(b)(6) is to allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Bell v. Twombly, 550 U.S. 549, 570 (2007). Plaintiff's first claim is simple: Defendant was violating regulatory law in the manner in which he was documenting his handling of Plaintiff's property, and after Plaintiff threatened to file a grievance and

lawsuit against him for this, Defendant destroyed all of Plaintiff's legal documents, totaling six boxes, in violation of governing regulatory law, policies, and procedures. This exact type of conduct -- destroying inmate property after an inmate takes, or threatens to take, legal action -- has repeatedly and consistently been held to satisfy the pleading requirements for First Amendment retaliation. Yet, incredibly, the Magistrate here asserts that this claim "fails to allege facts that demonstrate a causal connection between" the protected conduct and the retaliation. (R&R 5, ¶ 2.)

The source of such an illogical finding appears to be Magistrate's application of the wrong standard of review. In the Report's analysis -- totaling three paragraphs -- it repeatedly uses language which reveals that it is not applying the correct "plausibility" standard of Twombly, Iqbal, and their progeny, but rather a standard which requires that Plaintiff prove his claims. The Report wrongly claims that Plaintiff "must demonstrate," and "must show" that there was a "causal nexus" between the threat of the grievance and Defendant's unlawful conduct. (R&R p. 5, ¶ 2.) The proximity of time is "insufficient to establish" that Defendant's conduct was retaliatory. (R&R p. 6, ¶ 2.) But Plaintiff does not have to "establish" or "demonstrate" anything, he merely has to allege facts that, drawing all reasonable inferences in his favor, state a plausible -- not even probable -- claim for relief.

The Report raises the strawman argument that "[u]nder Plaintiff's reasoning, every unwarranted confiscation of personal property would be sufficient to state a retaliation claim against a plaintiff who had filed some grievance or lawsuit against prison officials." (R&R p. 6, ¶ 1.) Notice that this says "some" grievance against some unknown officials. But Plaintiff never alleged this. He alleges the grievance was threatened against the Defendant himself, on the very type of conduct at issue.

The Report then makes the incredible assertion that "Plaintiff does not

allege that [Defendant] destroyed his property because he filed a grievance against him." (R&R p. 6, ¶ 1.) Well, technically that is true, since Plaintiff alleged the retaliation occurred after the threat of a grievance (and lawsuit), not the filing of one. (See TAC ¶ 40.) But it is irrelevant, since it was never alleged. Nor is the Report correct that "[a]t most, Plaintiff asserts that at some point after he 'refused to sign the 1083 [and] later filed a grievance against [Defendant],' his property was destroyed." (R&R p. 6, ¶ 1.) To the contrary, the TAC alleges that the threat of protected activity occurred immediately prior to the retaliatory conduct. (TAC ¶¶ 40-48.) The destruction of property occurred prior to the filing of the grievance. Indeed, the grievance was about the destruction of property. To be clear, Plaintiff alleges his property was destroyed, unlawfully, immediately following his threat to file a grievance and lawsuit. This amply satisfies the plausible claim standard of Rule 8 and Twombly.

The Report also bases its recommendation on Plaintiff's failure to give the date Defendant destroyed his property. But Plaintiff has no way of knowing the exact date, and does not need to, but it presumably was the same day he refused to sign the unlawful property registration form that Defendant asked him to. But since Plaintiff did not discover his property was destroyed by Defendant until he was re-issued his property weeks later, it was obviously during that period when Defendant did this. Thus the "proximity of time" factor weighs in favor of Plaintiff, not against him as the Report claims.

Finally, the Report asserts that Plaintiff has failed to "establish" his alternative claim that Defendant's retaliatory conduct was motivated, in whole or part, by the fact that Plaintiff had been seeking the criminal prosecution of his friends and coworkers (TAC ¶¶ 17-35), which the Report downplays by mislabeling as mere "grievances and lawsuits." (R&R p. 6, ¶ 2.) The Report does this by oversimplifying Plaintiff's claim as an example of the post hoc

ergo propter hoc logical fallacy. (Id.) Plaintiff does not have to "establish" this claim, but his opposition to the motion to dismiss cites numerous cases that survived dismissal in which the Defendant retaliated against the Plaintiff because of Plaintiff's protected activity towards Defendant's friends or coworkers, but not Defendant, and based solely on the proximity of time between the events. Plaintiff's claims here are even more plausible than many in those cases.

This Court must reject the Report and Recommendation, and deny the motion to dismiss for failure to state a cliaim.

DATED:October 25, 2024

Respectfully submitted,

[signature]

Pedro White Sr.
Plaintiff in pro se

# PROOF OF SERVICE BY MAIL
# [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF San Joaquin

I am a citizen of the County of San Joaquin, State of California. I am a citizen of the United States of America. I am over the age of eighteen (18) and not a party to this action. I am a resident of the County of San Joaquin, CDCR# AI-5074. My address is:

California Health Care Facility
PWC-202
PO Box 213040
Stockton, CA 95213

On Oct. 27, 2020, I served via United States Mail a copy of the following document(s):

Objections to Report and Recommendation of U.S. Magistrate Judge

The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox or other like facility addressed to:

ATTN: Marisa Kirschenbauer
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on Oct. 27, 2020 in San Joaquin County, California.

Pedro White Jr.
Type or Print Name

[signature]
Signature

California Health Care Facility

Name: Pedro White Jr. CDCR # AI-5074
Facility A Bldg.: PWC Cell: 202
P.O. Box: 213040
Stockton, CA 95213

INMATE MAIL

SACRAMENTO CA 957
29 OCT 2024 PM 6 L

quadient
FIRST-CLASS MAIL
IMI
$000.69º
10/29/2024 ZIP 95215
043M32206974
US POSTAGE

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 31 2024
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

CONFIDENTIAL

LEGAL MAIL

Clerk, U.S. District Court
255 East Temple St., Room 180
Los Angeles, CA 90012

90012-333299

10-28-24 9689