UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-04066-GW (DFM) | Date: | January 31, 2025 |
|---|---|---|---|
| Title | Pedro James White v. J. Sanchez et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

| Proceedings: | **(IN CHAMBERS) Order Re: Defendant's Motion for Fourth Amended Complaint to be Screened (Dkt. 81)** |
|---|---|

In October 2024, the Court issued an order granting Defendant J. Sanchez's motion to dismiss and dismissing Plaintiff's Third Amended Complaint without leave to amend. See Dkt. 73. On October 31, 2024, Plaintiff filed objections. See Dkt. 76. In his objections, Plaintiff clarified the timeline of his threat to file a grievance and the alleged retaliatory actions taken by Defendant. See Dkt. 76 at 3. Considering Plaintiff's clarification, the Court found it necessary to provide Plaintiff the opportunity to amend his complaint. Accordingly, the Court vacated its report and recommendation and ordered Plaintiff, within thirty-five days, to file a Fourth Amended Complaint ("4AC"). See Dkt. 79.

Plaintiff filed his 4AC on January 2, 2025. See Dkt. 80. Defendant has requested the Court screen the 4AC, arguing that Plaintiff failed to comply with the Court's requirement that his 4AC include a "timeline of events relevant to Plaintiff's allegations in this case, including dates where applicable." See Dkt. 81 at 2 n.1.

"The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a). On review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune to such relief." Id. § 1915(A)(b).

From a review of the 4AC, the Court understands Plaintiff to allege that Defendant retaliated against him, in violation of his First Amendment rights. See 4AC ¶¶ 51-56. Specifically, Plaintiff alleges that Defendant failed to follow state regulations and the CDCR Department of

CV-90 (12/02)                          CIVIL MINUTES-GENERAL                    Initials of Deputy Clerk: nb

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Operations Manual when he inventoried Plaintiff's property during Plaintiff's move to administrative segregation. See id. ¶¶ 37-38. Defendant refused to correct this alleged error and threatened Plaintiff with the loss of all of his property if he did not sign the incorrect form. See id. ¶¶ 39-40. After Plaintiff threatened to file a grievance against Defendant (or sue him), Defendant caused Plaintiff's property, including several boxes of legal documents pertaining to active cases against Defendant's coworkers and friends, to be destroyed. See id. ¶ 48. Plaintiff learned that Defendant destroyed his property upon his release from administrative segregation, when his remaining property was reissued to him. See id. ¶ 49. Upon learning his property was destroyed, Plaintiff filed a written complaint against Defendant with Internal Affairs. See id. ¶ 50.

Plaintiff has provided a sufficient timeline of the allegations in this case, including the dates of the alleged incidents involving Defendant's coworkers and friends. See id. ¶¶ 17-35. Moreover, although he does not know exactly when Defendant allegedly destroyed his property, he has clarified the events leading up to the alleged retaliation, as described above. See id. ¶¶ 37-56.

**Accordingly, the Court concludes, for screening purposes, that the 4AC asserts a plausible First Amendment retaliation claim against Defendant. Defendant shall file a responsive pleading to the 4AC no later than thirty (30) days from the date of this Order.**