# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| PEDRO JAMES WHITE,<br><br>Plaintiff,<br><br>v.<br><br>J. SANCHEZ et al.,<br><br>Defendant(s). | No. CV 21-04066-GW (DFM)<br><br>CASE MANAGEMENT AND SCHEDULING ORDER |

## I.   BACKGROUND

Plaintiff Pedro James White is pursuing a civil rights action under 42 U.S.C. § 1983 against Correctional Officer J. Sanchez ("Defendant"). In the operative Fourth Amended Complaint, Plaintiff asserts a First Amendment retaliation claim against Defendant. See Dkt. 80. On February 28, 2025, Defendant filed an Answer. See Dkt. 83.

In order to facilitate the just and speedy determination of this action, the Court hereby enters the following Case Management and Scheduling Order.

## II.   PRETRIAL DEADLINES

| | |
|---|---|
| Status Report | June 2, 2025 |
| Last Day to File Motions to Amend Pleadings | June 16, 2025 |
| Last Day to Serve Interrogatories, RFAs, and RFPs | July 21, 2025 |
| Last Day to Serve Deposition Notice(s) | August 15, 2025 |
| Last Day to Commence Deposition(s) | August 29, 2025 |
| Fact Discovery Cutoff | September 3, 2025 |

| Last Day to File Discovery Motions | September 17, 2025 |
|---|---|
| Last Day to File Substantive Motions | November 3, 2025 |

## III.  CASE MANAGEMENT

### A.  Compliance with Rules

All parties must comply with the Federal Rules of Civil Procedure ("FRCP") and the Central District of California Local Civil Rules. The FRCP are available at https://www.federalrulesofcivilprocedure.org/frcp. The Local Rules are available at https://www.cacd.uscourts.gov/court-procedures/local-rules.

If Plaintiff is in custody and proceeding pro se, the parties are excused from complying with Local Rules 7-3 (pre-filing conference), 7-15 (appearances at hearings), 16 (final pretrial conferences and trial preparation), 26-1 (pretrial scheduling conferences), and 37 and 45 (joint discovery motions).

### B.  Plaintiff's Mailing Address

A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute. See Local Rule 41-6.

### C.  Filing Dates

An incarcerated party's document is deemed to be constructively filed as soon as he tenders the document to appropriate prison staff (or places it in the appropriate prison mail receptacle) with the correct address and the proper postage affixed. See Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014); Houston v. Lack, 487 U.S. 266, 276 (1988).

Some correctional institutions in California participate in a pilot program to electronically file papers for inmate lawsuits. Plaintiff should ask the law librarian or litigation coordinator if his institution is a participant and, if so, follow the institution's rules for e-filing documents.

All documents that must be served shall be done so in accordance with FRCP 5.

**D.    Extensions of Time**

To request an extension of time, a party should file a motion demonstrating "good cause." FRCP 6(b)(1). The motion should be filed prior to the deadline and explain why an extension of time is needed, despite the party's diligent efforts to meet the initial filing deadline. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Similarly, a request to extend deadlines in this Scheduling Order must be premised on a showing of good cause. See FRCP 16(b)(4).

**E.    Status Report**

Each party shall file and serve a status report on or before the above deadline. The status report must contain the following information: (a) a brief description of the factual and legal issues raised in this case; (b) a statement of the parties' discovery plans, including the completion of discovery to date, anticipated discovery to be conducted before the cutoff date, and any disputes or motions likely to be presented to the Court; (c) a description of any motions that the parties anticipate filing -- if the defense does not intend to file a case-dispositive motion, this information should be included; (d) the number of witnesses anticipated to testify at trial, and the nature of any expert witness testimony; (e) the parties' time estimate for trial, and whether the matter will be a jury or bench trial; (f) an explanation of the likelihood of settlement, and a statement of anticipated settlement or mediation methods to be used before

trial; and (g) any other information that the parties deem important to bring to the Court's attention.

## IV. DISCOVERY

Discovery is the process by which the parties request and exchange information about the issues in the case.

### A. Availability

The parties may commence discovery. Pro se litigants are entitled to discovery in civil rights actions to the same extent as are litigants represented by counsel. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. See FRCP 26(b)(1). All non-expert discovery must be completed on or prior to the fact discovery cutoff date. The parties are encouraged to serve discovery requests promptly.

Generally, the Court is not involved in the discovery process, and discovery requests shall not be filed with the Court unless they are being used to support or oppose a motion. See FRCP 5.

### B. Substantive Discovery

The four most common ways to obtain discovery are depositions, interrogatories, requests for production of documents ("RFPs"), and requests for admission ("RFAs").

Depositions are question-and-answer sessions in which a deponent answers questions under oath. See FRCP 30. Depositions usually take place outside of Court. A deposition may be taken in person, by telephone or other remote means, or by written questions. See FRCP 30(b)(4); FRCP 31. The party taking the deposition is typically responsible for all the costs associated with the deposition. Any deposition shall be scheduled to commence at least fourteen (14) days after service of the deposition notice and at least five (5)

days before the discovery cutoff date. Leave of Court is given to depose Plaintiff if he is confined in prison. See FRCP 30(a)(2)(B).

Interrogatories are written questions sent by one party to any other party to the lawsuit and must be answered in writing and under oath. See FRCP 33. You may serve up to 25 interrogatories on the same party without the Court's permission. See FRCP 33(a).

RFPs seek documents, including electronically stored information, which a party reasonably believes the other side has and which contain information about the issues in the lawsuit. See FRCP 34.

RFAs are written requests to admit, for purposes of the pending action only, the truth of any matters within the scope of available discovery relating to (a) facts, the application of law to fact, or opinions about either; or (b) the genuineness of any described documents. See FRCP 36(a)(1). The subject matter of RFAs may be deemed "admitted" by a party who fails to serve a timely response. See FRCP 36(a)(3).

Interrogatories, RFPs, and RFAs shall be served at least forty-five (45) days prior to the discovery cutoff date.

## V.   MOTIONS

### A.   Motions to Amend the Pleadings

All motions to amend the pleadings or add new parties shall be filed and served no later than the above deadline. Any motion to amend the pleadings shall include a copy of the proposed amended pleading and shall otherwise comply with Local Rules 7-3 and 15. Any Doe Defendant not identified in an amended pleading by this deadline will be automatically dismissed as of this deadline.

### B.   Discovery Motions

All motions related to fact discovery shall be filed and served no later than fourteen (14) days after the fact discovery cutoff date.

If a discovery dispute arises, a party may file a motion to compel. That motion asks the Court to order a person to make disclosures or to respond to a discovery request, or to provide more detailed disclosures. See FRCP 37. The motion shall describe what efforts were made to resolve the discovery dispute prior to filing the motion.

If all parties are represented by counsel, or if a party proceeding pro se is not in custody, Local Rules 7 and 37 will apply. If any party to the action is in custody and proceeding pro se, no hearing date will be set. Unless otherwise ordered by the Court, any opposition to the motion shall be filed and served within twenty-one (21) days after service of the motion; any reply must be filed and served within fourteen (14) days from service of the opposition; and the motion shall be deemed submitted for decision without oral argument. See Local Rule 7-15.

## C.   Substantive Motions

All other motions, including motions for summary judgment, shall be filed and served by the substantive motion deadline.

If all parties are represented by counsel, or if a party proceeding pro se is not in custody, Local Rules 7 and 56 will apply. If any party to the action is in custody and proceeding pro se, no hearing date will be set. Unless otherwise ordered by the Court, any opposition to the motion shall be filed and served within thirty-five (35) calendar days after service of the motion; any reply must be filed and served within fourteen (14) days from service of the opposition; and the motion shall be deemed submitted for decision without oral argument. See Local Rule 7-15.

The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion for summary judgment may not be granted solely based on the failure to file an opposition. See Local Rule 7-12. It may

also result in a recommendation that this action be dismissed for failure to prosecute. <u>See</u> FRCP 41(b).

**D.    <u>Motions for Summary Judgment</u>**

FRCP 56 governs motions for summary judgment. The motion asks the Court to decide a lawsuit prior to trial because there is no dispute about key facts of the case. FRCP 56 and Local Rule 56 are attached to this Order.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Material facts are those necessary to the proof or defense of a claim and are determined by reference to substantive law. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A party asserting that a fact either cannot be genuinely disputed or is genuinely disputed must support the assertion by citing to particular parts of materials in the record or showing that the materials cited do not establish the absence or presence of a genuine dispute. <u>See</u> FRCP 56(c)(1).

IT IS SO ORDERED.

Date: March 3, 2025

DOUGLAS F. McCORMICK
United States Magistrate Judge

## FEDERAL RULE OF CIVIL PROCEDURE 56

(a) **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) **Procedures.**

(1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

(4) **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

9

## LOCAL CIVIL RULE 56

**L.R. 56-1 Documents Required From Moving Party.** A party filing a notice of motion for summary judgment or partial summary judgment shall lodge a proposed "Statement of Uncontroverted Facts and Conclusions of Law." Such proposed statement shall set forth the material facts as to which the moving party contends there is no genuine dispute. A party seeking summary judgment shall lodge a proposed Judgment; a party seeking partial summary judgment shall lodge a proposed Order.

**L.R. 56-2 Statement of Genuine Disputes of Material Fact by Opposing Party.** Any party who opposes the motion shall serve and file with the opposing papers a separate document containing a concise "Statement of Genuine Disputes" setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.

**L.R. 56-3 Determination of Motion.** In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.