UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-04066-GW (DFM) | Date: | May 4, 2026 |
|---|---|---|---|
| Title | Pedro James White v. J. Sanchez et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:   (IN CHAMBERS) Order Setting Dispositive Motion Filing Deadline**

Plaintiff initiated this pro se civil rights action in May 2021. On January 22, 2026, the Court granted the parties' stipulation and stayed the dispositive motion filing deadline. See Dkt. 91. The Court instructed the parties to immediately inform the Court if the matter was resolved or if discussions proved unsuccessful, after which the Court would set a new deadline. See id.

On April 14, 2026, the Court ordered the parties to file a status report including, at a minimum, a statement as to whether this matter has been resolved or, if it had not, whether the parties sought to extend the stay or, if not, a proposed dispositive motion filing deadline. See Dkt. 93. On May 1, 2026, Defendant filed a Status Report, proposing a May 22, 2026 dispositive motion filing deadline. See Dkt. 94.

The Court sets **May 29, 2026** as the dispositive motion filing deadline. All dispositive motions must be filed on or before that date.

Considering Plaintiff's pro se status, the Court includes the text of Federal Rule of Civil Procedure 56 and Local Rule 56 below.

**Rule 56. Summary Judgment**

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**Local Rule 56**

L.R. 56-1 Documents Required From Moving Party. A party filing a notice of motion for summary judgment or partial summary judgment must file a separate "Statement of Uncontroverted Facts." This Statement must set forth the material facts as to which the moving party contends there is no genuine dispute. Each such fact must be numbered and must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record. A party seeking summary judgment must lodge a proposed Judgment; a party seeking partial summary judgment must lodge a proposed Order.

L.R. 56-2 Statement of Genuine Disputes of Material Fact by Opposing Party. Any party who opposes a motion for summary judgment or partial summary judgment must serve and file with the opposing papers a separate "Statement of Genuine Disputes" setting forth all material

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

facts as to which it is contended there exists a genuine dispute necessary to be litigated.  This Statement must include two columns, setting forth in the left-hand column every fact included in the moving party's Statement of Uncontroverted Facts (in the same order, using the same numbers, and with all citations to the supporting evidence identified by the moving party) and indicating for each such fact in the right-hand column whether the opposing party contends that a genuine dispute necessary to be litigated exists as to that fact.  For each disputed fact, the Statement of Genuine Disputes must provide pinpoint citations (including page and line numbers, if available) to evidence in the record that supports the claim that the fact is disputed.

L.R. 56-3 Response to Statement of Genuine Disputes of Material Fact.  Any moving party who files a reply to an opposition to a motion for summary judgment or partial summary judgment must file a "Response to Statement of Genuine Disputes," which must include every fact included in the opposing party's Statement of Genuine Disputes (in the same order, using the same numbers, and with all citations to the supporting evidence identified by either the moving or opposing party), and, for facts disputed by the opposing party, the moving party's response (with pinpoint citations including page and line numbers, if available, to evidence in the record) to rebut the existence of a genuine dispute.