ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General
ISHA VAZIRANI
Deputy Attorney General
State Bar No. 354914
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3478
  Fax: (415) 703-5843
  E-mail: Isha.Vazirani@doj.ca.gov
*Attorneys for Defendant
Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **WHITE,**<br><br>                                    Plaintiff,<br><br>          **v.**<br><br>**SANCHEZ,**<br><br>                                    Defendant. | 2:21-cv-04066-GW-DFM<br><br>**DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:          The Honorable Douglas F. McCormick<br>Trial Date:    Not Set<br>Action Filed: 5/14/2021 |

Pursuant to Central District Local Rule 56-1, Defendant submits the following statement of uncontroverted facts in support of his motion for summary judgment. These facts are undisputed for purposes of this motion only. Defendants reserve the right to present other or different facts at trial.

1.    Plaintiff White ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation. At all times relevant to the allegations in his complaint, he was housed at California Men's Colony. Plaintiff was transferred from his housing unit to administrative segregation on

1

April 19, 2020.  (Declaration of J. Sanchez ("Sanchez Decl.") at ¶ 2; Vazirani Decl. Ex. A at 15.)

2.     Defendant Sanchez ("Defendant") was instructed by his supervisor to inventory Plaintiff's property while he awaited placement into administrative segregation.  (Sanchez Decl. at ¶ 2.)

3.     Plaintiff had property in his cell that was in excess of what CDCR and institutional rules permitted.  (Sanchez Decl. at ¶ 2; Vazirani Decl. Ex. B; Vazirani Decl. Ex. C.)

4.     Much of the excess property consisted of paperwork stored in boxes. (Sanchez Decl. at ¶ 2; Vazirani Decl. Ex. C.)

5.     Defendant took the boxes out of Plaintiff's cell without removing the paperwork from the boxes.  (Sanchez Decl. at ¶ 2.)

6.     Defendant completed a CDCR 1083 Inmate Property Inventory form, which Plaintiff reviewed and signed.  (Sanchez Decl. at ¶ 2.)  Plaintiff's property was securely stored.  (*Id.*)

7.     Several days later, Defendant's supervisor instructed him to consolidate Plaintiff's property, provide Plaintiff a new Inmate Property Inventory Form, and ask Plaintiff how he wished the excess property to be disposed of.  (Sanchez Decl. at ¶ 2.; Vazirani Decl. Ex. D.)  Defendant confirmed with CMC's Reception and Release what property was allowable.  (*Id.*)

8.     Defendant then approached Plaintiff in administrative segregation and informed Plaintiff that excess property could be disposed of, sent home, or stored in Reception and Release.  (Vazirani Decl. Ex. B; Sanchez Decl. at ¶ 4.)

9.     Plaintiff responded "fuck you" to Defendant.  (Sanchez Decl. at ¶ 4.) Defendant responded "okay" and told his supervising Sergeant of his interaction with Plaintiff.  (*Id.*)

10. Defendant's supervising Sergeant proceeded to contact Plaintiff in the administrative segregation housing unit, and Defendant did not have further interactions with Plaintiff. (Sanchez Decl. at ¶ 4.)

11. Defendant is not aware of the final disposition of Plaintiff's property. (Sanchez Decl. at ¶ 5.)

12. Plaintiff does not know when or how Defendant allegedly destroyed his property. (Vazirani Decl. Ex. A at pp. 29-30.) Plaintiff believes that Defendant was the last one to have his property, and is thus responsible for it. (*Id.*)

Dated: May 29, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General

*/s/ Isha Vazirani*
ISHA VAZIRANI
Deputy Attorney General
*Attorneys for Defendant Sanchez*

LA2022401620
45099104.docx

3