ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General
ISHA VAZIRANI
Deputy Attorney General
State Bar No. 354914
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3478
 Fax:  (415) 703-5843
 E-mail:  Isha.Vazirani@doj.ca.gov
*Attorneys for Defendant Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **WHITE,**<br><br>Plaintiff,<br><br>v.<br><br>**SANCHEZ,**<br><br>Defendant. | 2:21-cv-04066-GW-DFM<br><br>**DEFENDANT'S *RAND* NOTICE TO PLAINTIFF REGARDING OPPOSING SUMMARY JUDGMENT**<br><br>Judge:     The Honorable Douglas F. McCormick<br>Trial Date:   Not Set<br>Action Filed: 5/14/2021 |

**TO PLAINTIFF JAMES E. WHITE, PRO SE:**

Plaintiff is advised to read the following warning, which is a verbatim copy of the model warning from *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc):

## *RAND* WARNING

Defendant has moved for summary judgment by which he seeks to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

//

1

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[1] that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

## LOCAL RULE REQUIREMENTS

Aside from the *Rand* warning, Plaintiff is advised to review the applicable local rules concerning opposing summary judgment. In particular, Local Rule 56-2 which includes instructions on how to prepare a separate "Statement of Genuine Disputes."[2]

---

[1] The substance of Rule 56(e) from the 1998 version, when *Rand* was decided, has been reorganized and renumbered with the current version of Rule 56(c).

[2] Must include two columns setting forth every fact included in the moving party's Statement of Uncontroverted Facts in the left column (in the same order, using the same numbers, and with all citations to the supporting evidence identified by the moving party). In the right-hand column it must state whether the opposing party contends that a genuine dispute necessary to be litigated exists as to that fact. For each disputed fact, the Statement of Genuine Disputes must provide pinpoint citations (including page and line numbers, if available) to evidence in the record that supports the claim that the fact is disputed.

Dated:  May 29, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General


***/s/ Isha Vazirani***
ISHA VAZIRANI
Deputy Attorney General
*Attorneys for Defendant*
*Sanchez*

LA2022401620
45099103.docx

3