ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General
ISHA VAZIRANI
Deputy Attorney General
State Bar No. 354914
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3478
  Fax:  (415) 703-5843
  E-mail:  Isha.Vazirani@doj.ca.gov
*Attorneys for Defendant Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **WHITE,**<br><br>Plaintiff,<br><br>v.<br><br>**SANCHEZ,**<br><br>Defendant. | 2:21-cv-04066-GW-DFM<br><br>**DECLARATION OF J. SANCHEZ IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:    The Honorable Douglas F. McCormick<br>Trial Date:  Not Set<br>Action Filed: 5/14/2021 |

I, J. Sanchez, declare:

1.    I am employed by the California Department of Corrections and Rehabilitation as a Correctional Officer.  I have been employed in this capacity for approximately seven years.  At all times relevant to the allegations in Mr. White's complaint, I worked at California Men's Colony (CMC) in San Luis Obispo, California.  I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, could and would so testify.  I submit this declaration in support of Defendant's Motion for Summary Judgment.

1

2. On April 10, 2020, I was instructed by my supervisor to inventory Mr. White's (A15074) property while he awaited placement into administrative segregation. Mr. White had property in his cell in excess of what was permitted by CDCR and institutional rules. Much of his excess property consisted of paperwork stored in boxes. I took the boxes out of Mr. White's cell without removing the paperwork from the boxes.

3. I completed a CDCR 1083 Inmate Property Inventory form, which Mr. White reviewed and signed. Following my inventory of Mr. White's property, his property was securely stored in CMC Facility C.

4. Several days later, my supervising sergeant instructed me to consolidate Mr. White's property and provide him a new Inmate Property Inventory form and ask Mr. White how he wished the excess property to be disposed of. To confirm what property was allowable, I contacted Reception and Release and CMC. I then approached Plaintiff in administrative segregation and informed him that his excess property could be disposed of, sent home, or stored in Reception and Release. Mr. White responded "fuck you," to which I responded "okay" and subsequently recounted the interaction to my supervising Sergeant. The Sergeant proceeded to contact Mr. White in the administrative segregation housing unit. I do not recall further interactions with Mr. White.

5. I am not aware of what ultimately happened to Mr. White's property. Mr. White's paperwork remained in boxes throughout my work regarding his property. I did not touch the paperwork because I did not know if it concerned active legal cases.

6. I am not close with any of the other correctional staff members Mr. White mentions in his complaint. Officer Reyes-Cortez and I previously worked in the same building at CMC. To my knowledge, Officer Urias was not at work on April 10, 2020. I do not recognize the name "Priam." I do not recall interacting with Officer Monteiro during the time period relevant to Plaintiff's allegations in

2

his complaint. The first time I worked with Officer Scott was April 10, 2026 and I recall that he was injured that morning during an incident at CMC.

7. I declare under penalty of perjury that I have read this document, and its contents are true and correct to the best of my knowledge.

Executed on this ___29TH___ day of May, 2026, in _Ontario_____, California.

J. Sanchez

LA2022401620
45084297.docx

3