**LAW OFFICES OF DALE K. GALIPO**
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: cmayne@galipolaw.com

*Attorney for Plaintiff Pedro White, Sr.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO WHITE, SR.,<br><br>Plaintiff,<br><br>v.<br><br>J. SANCHEZ,<br><br>Defendant. | Case No.: 2:21-cv-04066-GW-DFM<br><br>**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**<br><br>Judge: George H. Wu<br>Mag. Judge: Douglas F. McCormick<br>Complaint Filed: May 14, 2021<br>Trial Date: None set |

## PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

Pursuant to Local Rule 56-2 and this Court's Standing Order, Plaintiff Pedro White, Sr. respectfully submits the following Statement of Genuine Disputes of Material Fact in opposition to Defendant Sanchez's Motion for Summary Judgment. Citations to "White Decl." are to the Declaration of Pedro White, filed concurrently. Citations to "White Dep." are to the transcript of Plaintiff's July 24, 2025 deposition, relevant portions of which Sanchez filed as Exhibit A to the Declaration of Isha Vazirani ("Vazirani Decl."), ECF 97-4; citations to Sanchez's exhibits (Vazirani Decl. Exs. A–D) are to ECF 97-4, using that document's docket page numbers. "Mayne Decl." refers to the Declaration of Cooper Alison-Mayne filed herewith.

Dated: July 24, 2026                    LAW OFFICES OF DALE K. GALIPO


                                        /s/ Cooper Alison-Mayne
                                        Cooper Alison-Mayne
                                        *Attorney for Plaintiff*

## PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| DEFENDANT'S ALLEGED UNDISPUTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| 1.  Plaintiff White ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation. At all times relevant to the allegations in his complaint, he was housed at California Men's Colony. Plaintiff was transferred from his housing unit to administrative segregation on April 19, 2020. (Declaration of J. Sanchez ("Sanchez Decl.") at ¶ 2; Vazirani Decl. Ex. A at 15.) | 1.  Undisputed that Plaintiff is a state prisoner in CDCR custody and was housed at California Men's Colony at all relevant times. Disputed as to the April 19, 2020 transfer date: Plaintiff was transferred to administrative segregation on April 10, 2020, as Sanchez's own declaration and exhibit confirm. Sanchez's sole support for the April 19 date is a citation to "Vazirani Decl. Ex. A at 15," but page 15 of the deposition transcript is not among the pages Sanchez filed: Exhibit A contains only pages 1–4, 29–30, 33–42, and 46 of the transcript. The April 19 date therefore has no evidentiary support in the record.<br><br>*Evidence*: Sanchez Decl. ¶ 2; Vazirani Decl. Ex. D (ECF 97-4 at 36); White Decl. ¶¶ 8–9; White Dep. 40:3–5 (Vazirani Decl. Ex. A). |
| 2.  Defendant Sanchez ("Defendant") was instructed by his supervisor to inventory Plaintiff's property while he awaited placement into administrative segregation. (Sanchez Decl. at ¶ 2.) | 2.  Undisputed. |

3

| | |
|---|---|
| 3.  Plaintiff had property in his cell that was in excess of what CDCR and institutional rules permitted. (Sanchez Decl. at ¶ 2; Vazirani Decl. Ex. B; Vazirani Decl. Ex. C.) | 3.  Disputed as stated. The characterization is a legal conclusion and is materially incomplete as to the six boxes of legal materials: active-case legal materials carry an additional one-cubic-foot allowance beyond the six-cubic-foot limit, and legal materials exceeding that allowance must be stored by the institution or dispositioned pursuant to section 3191(c), not destroyed. Sanchez's own April 10 inventory designated the property "Legal Materials," and Sanchez admits he did not know whether the paperwork concerned active legal cases.<br><br>*Evidence*: Cal. Code Regs. tit. 15, §§ 3161, 3191(c) (Mayne Decl. Ex. A); DOM § 54030.10.2 (Vazirani Decl. Ex. B, ECF 97-4 at 27–28); Vazirani Decl. Ex. D (ECF 97-4 at 36); White Decl. ¶¶ 15, 17; Sanchez Decl. ¶ 5. |
| 4.  Much of the excess property consisted of paperwork stored in boxes. (Sanchez Decl. at ¶ 2; Vazirani Decl. Ex. C.) | 4.  Undisputed. (See Response No. 3 regarding the characterization of the property as "excess.") |
| 5.  Defendant took the boxes out of Plaintiff's cell without removing the paperwork from the boxes. (Sanchez Decl. at ¶ 2.) | 5.  Undisputed. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

| | |
|---|---|
| 6.  Defendant completed a CDCR 1083 Inmate Property Inventory form, which Plaintiff reviewed and signed. (Sanchez Decl. at ¶ 2.) Plaintiff's property was securely stored. (Id.) | 6.  Disputed. Plaintiff could not and did not meaningfully review the inventory: he could not see the property on the cart and could not verify the form's accuracy. He signed only after Sanchez threatened that he would lose all of his property if he did not sign, and did so under protest. "Securely stored" is also disputed: the six boxes were never logged, sealed, or stored as legal materials as CDCR rules require; Plaintiff was never given the required weekly access; no disposition was ever recorded; and the boxes were never returned. Sanchez himself testifies that he is not aware of what ultimately happened to the property.<br><br>*Evidence*: White Decl. ¶¶ 10–12, 17–18; White Dep. 46:4–6; Sanchez Decl. ¶¶ 3, 5; Cal. Code Regs. tit. 15, §§ 3161, 3191(c) (Mayne Decl. Ex. A); DOM §§ 54030.6, 54030.10.2, 54030.13.2(a)(4) (Vazirani Decl. Ex. B, ECF 97-4 at 23, 27–28, 30); Vazirani Decl. Exs. C–D (ECF 97-4 at 33–34, 37). |
| 7.  Several days later, Defendant's supervisor instructed him to consolidate Plaintiff's property, provide Plaintiff a new Inmate Property Inventory Form, and ask Plaintiff how he wished the excess property to be disposed of. (Sanchez Decl. at ¶ 2.; Vazirani Decl. Ex. D.) Defendant confirmed with CMC's Reception and Release what property was allowable. (Id.) | 7.  Disputed in part. The consolidation occurred on May 8, 2020, approximately four weeks after the April 10 seizure, not "several days later." Plaintiff lacks personal knowledge of Sanchez's internal instructions. Disputed to the extent the fact implies Sanchez asked Plaintiff how he wished the property handled: Sanchez never presented any disposition options and never asked.<br><br>*Evidence*: White Decl. ¶¶ 13–14; White Dep. 46:19–21; Vazirani Decl. Exs. C–D (ECF 97-4 at 33–34, 37). |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

| 8. Defendant then approached Plaintiff in administrative segregation and informed Plaintiff that excess property could be disposed of, sent home, or stored in Reception and Release. (Vazirani Decl. Ex. B; Sanchez Decl. at ¶ 4.) | 8. Disputed. Sanchez never presented Plaintiff with any options for handling his property, on May 8, 2020 or on any other occasion. He never said the property could be sent home, donated, or stored, and never asked how Plaintiff wanted it handled.<br><br>*Evidence*: White Decl. ¶ 14; White Dep. 46:19–21 ("he was supposed to give me an opportunity to send my property home or put it in R&R. He didn't give me that opportunity."); White Dep. 30:2–9. |
|---|---|
| 9. Plaintiff responded "fuck you" to Defendant. (Sanchez Decl. at ¶ 4.) Defendant responded "okay" and told his supervising Sergeant of his interaction with Plaintiff. (Id.) | 9. Disputed. Plaintiff never told Sanchez "fuck you." The stated fact also omits the parties' actual April 10 exchange: Sanchez demanded that Plaintiff drop his grievances and complaints against Sanchez's coworker officers and threatened total property loss, and Plaintiff responded that if Sanchez took or destroyed his property, Plaintiff would file a grievance against Sanchez and sue him.<br><br>*Evidence*: White Decl. ¶¶ 11–12, 14. |
| 10. Defendant's supervising Sergeant proceeded to contact Plaintiff in the administrative segregation housing unit, and Defendant did not have further interactions with Plaintiff. (Sanchez Decl. at ¶ 4.) | 10. Undisputed. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

| | |
|---|---|
| 11.  Defendant is not aware of the final disposition of Plaintiff's property. (Sanchez Decl. at ¶ 5.) | 11.  Undisputed that Sanchez so testifies. The fact is material against Sanchez: CDCR rules required the custodian to record a disposition (a signed inmate election or a documented staff determination) and to return the property within 15 days of Plaintiff's release. That the last documented custodian of six boxes of active-case legal files cannot account for them is evidence of an unlawful, undocumented disposition, not a defense. Sanchez further admits he did not know whether the paperwork concerned active legal cases.

*Evidence*: Cal. Code Regs. tit. 15, § 3191(c) (Mayne Decl. Ex. A); DOM §§ 54030.12.2, 54030.13.2(a)(4) (Vazirani Decl. Ex. B, ECF 97-4 at 29–30); White Decl. ¶¶ 18–19; White Dep. 30:2–9, 46:4–6; Sanchez Decl. ¶ 5; Vazirani Decl. Exs. C–D (ECF 97-4 at 33–34, 37). |
| 12.  Plaintiff does not know when or how Defendant allegedly destroyed his property. (Vazirani Decl. Ex. A at pp. 29-30.) Plaintiff believes that Defendant was the last one to have his property, and is thus responsible for it. (Id.) | 12.  Undisputed that Plaintiff did not witness the destruction and does not know its exact date or manner; the fact is immaterial. Retaliation may be proven by circumstantial evidence, and the undisputed chain of custody (Sanchez seized, inventoried, and consolidated the property, was its last documented custodian, recorded no disposition, and never returned it) permits a reasonable jury to find Sanchez responsible.

*Evidence*: White Decl. ¶ 19; White Dep. 29:19–30:9, 46:4–6; Vazirani Decl. Exs. C–D (ECF 97-4 at 33–37); Def.'s SUF 11; *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS

Dated: July 24, 2026                    LAW OFFICES OF DALE K. GALIPO


                                        /s/ *Cooper Alison-Mayne*
                                        Cooper Alison-Mayne
                                        *Attorney for Plaintiff*

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS