**LAW OFFICES OF DALE K. GALIPO**
Cooper Alison-Mayne, SBN 343169
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Email: cmayne@galipolaw.com

*Attorney for Plaintiff Pedro White, Sr.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO WHITE, SR.,<br><br>Plaintiff,<br><br>v.<br><br>J. SANCHEZ,<br><br>Defendant. | Case No.: 2:21-cv-04066-GW-DFM<br><br>**PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**<br><br>Judge: George H. Wu<br>Mag. Judge: Douglas F. McCormick<br>Complaint Filed: May 14, 2021<br>Trial Date: None set |

PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

Pursuant to Local Rule 56-2 and this Court's Standing Order, Plaintiff Pedro White, Sr. respectfully submits the following Statement of Additional Material Facts, with citations to supporting evidence, in opposition to Defendant Sanchez's Motion for Summary Judgment.

Citations to "White Decl." are to the Declaration of Pedro White, filed concurrently. Citations to "White Dep." are to the transcript of Plaintiff's July 24, 2025 deposition, relevant portions of which Sanchez filed as Exhibit A to the Declaration of Isha Vazirani ("Vazirani Decl."), ECF 97-4; citations to Sanchez's exhibits (Vazirani Decl. Exs. A–D) are to ECF 97-4, using that document's docket page numbers. "Mayne Decl." refers to the Declaration of Cooper Alison-Mayne filed herewith.

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
| --- | --- |
| **White's Protected Activity** | |
| 1.  Beginning on or about December 24, 2019, White filed a series of inmate grievances (CDCR 602s), citizen complaints, and other petitions complaining about misconduct by correctional officers at CMC Facility C, including Officers Reyes-Cortez, Urias, Monteiro, and Scott. | White Decl. ¶ 3; White Dep. 30:19–25, 34:3–20. |
| 2.  White also sought investigations by the San Luis Obispo County Grand Jury, the Office of the Inspector General, and the State Personnel Board. | White Decl. ¶ 4. |
| **Sanchez's Connection to the Grieved-Against Officers** | |
| 3.  Officers Reyes-Cortez, Urias, Monteiro, and Scott worked at CMC Facility C, where Sanchez also | White Decl. ¶ 5. |

2

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| worked, on the same facility and yard where White was housed. | |
| 4. White personally saw Sanchez talking with Officer Reyes-Cortez on the yard on more than one occasion, and saw Sanchez and Officer Monteiro together on the yard. | White Decl. ¶ 5; White Dep. 35:16–23. |
| 5. Sanchez admits that he and Officer Reyes-Cortez "previously worked in the same building at CMC," and that the first time he worked with Officer Scott was April 10, 202[0], when Scott "was injured that morning during an incident at CMC." | Sanchez Decl. ¶ 6; White Dep. 40:3–5. |
| 6. As to Officer Monteiro, Sanchez states only that he does not recall interacting with him during the relevant period; he does not deny it. | Sanchez Decl. ¶ 6. |
| 7. On the morning of April 10, 2020, White witnessed officers use force against a seated inmate in the CMC dining hall, believed the force excessive, and reported it, including by filing a complaint with the San Luis Obispo Public Defender's Office. | White Decl. ¶ 7; White Dep. 39:16–23. |
| The April 10, 2020 Seizure, Demand, and Threat | |
| 8. White was not detained, handcuffed, asked for identification, or reprimanded at the scene of the dining-hall incident, and was not removed from his housing unit until nearly four hours later. | White Decl. ¶ 8. |
| 9. White did not incite a riot. | White Decl. ¶ 8. |

3

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| 10. On April 10, 2020, while White was being processed for administrative segregation, Sanchez packed the property from White's cell and recorded seven boxes and three bags on a CDCR-1083. | White Decl. ¶ 9; Vazirani Decl. Ex. D (ECF 97-4 at 36). |
| 11. The April 10, 2020 CDCR-1083 designated the property as "Legal Materials." | Vazirani Decl. Ex. D (ECF 97-4 at 36); White Decl. ¶¶ 15, 17. |
| 12. The boxes Sanchez took from White's cell contained the working files for White's active cases, including the grievances, complaints, and lawsuits against the officers named above. | White Decl. ¶ 6. |
| 13. White initially refused to sign because he could not see the property on the cart and could not verify the form's accuracy. | White Decl. ¶ 10. |
| 14. During the same conversation, Sanchez told White he needed to drop the grievances and complaints he had been filing against the officers Sanchez knew and worked with. | White Decl. ¶ 11. |
| 15. Sanchez threatened that if White did not sign the form, White would lose all of his property. | White Decl. ¶ 11. |
| 16. White told Sanchez that if Sanchez took or destroyed his property, White would file a grievance against him and sue him. | White Decl. ¶ 12. |
| 17. Out of fear of losing everything he owned, White signed the form under that threat and under protest. | White Decl. ¶ 12. |
| **The May 8, 2020 "Consolidation"** | |

4

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| 18. On May 8, 2020, approximately four weeks after the seizure, Sanchez told White he had "consolidated" White's property, including legal files from several active cases, from seven boxes to three, and presented a second CDCR-1083. | White Decl. ¶¶ 9, 13; White Dep. 30:2–9; Vazirani Decl. Ex. D (ECF 97-4 at 37); Sanchez Decl. ¶ 4. |
| 19. Sanchez never presented White with any options for handling his property; he never said it could be sent home, donated, or stored, and never asked how White wanted it handled. | White Decl. ¶ 14; White Dep. 30:2–9, 46:19–21. |
| 20. White never told Sanchez "fuck you." | White Decl. ¶ 14. |
| 21. The May 8, 2020 CDCR-1083 did not carry the "Legal Materials" designation that the April 10 inventory had carried. | White Decl. ¶ 15; Vazirani Decl. Ex. D (ECF 97-4 at 36–37). |
| 22. The May 8, 2020 Property Search/Receipt Notice lists "6 Boxes of legal Paperwork" with the disposition column left blank and no inspecting officer's signature, while other items on the same paperwork were assigned dispositions. | Vazirani Decl. Ex. C (ECF 97-4 at 34). |
| 23. White refused to sign the May 8, 2020 form because it misrepresented his property. | White Decl. ¶ 16. |
| **The Boxes Were Never Stored, Dispositioned, or Returned** | |
| 24. White was never told his legal boxes had been placed in secure storage; they were never sealed and logged as stored legal materials; he was never given weekly access; and no disposition was ever recorded. | White Decl. ¶ 17. |

5

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| 25. On June 19, 2020, White was released to the general population and his remaining property was reissued without the six boxes of legal documents, which have never been returned. | White Decl. ¶ 18; White Dep. 46:4–6. |
| 26. Sanchez was the last person documented to have custody of the property, and he claims he is not aware of its final disposition. | White Decl. ¶ 19; White Dep. 30:2–9; Sanchez Decl. ¶ 5; Def.'s SUF 11. |
| 27. Sanchez claims he "did not touch the paperwork because [he] did not know if it concerned active legal cases." | Sanchez Decl. ¶ 5. |
| **Harm** | |
| 28. The destruction of White's legal materials, together with Sanchez's threat, caused White significant distress, made his grievances and lawsuits far harder to pursue, set his cases back, and forced him to try to reconstruct records he had already assembled. | White Decl. ¶ 22. |

Dated: July 24, 2026            LAW OFFICES OF DALE K. GALIPO


                                /s/ Cooper Alison-Mayne
                                Cooper Alison-Mayne
                                *Attorney for Plaintiff*

6