ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General
ISHA VAZIRANI
Deputy Attorney General
State Bar No. 354914
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3478
 Fax:  (415) 703-5843
 E-mail:  Isha.Vazirani@doj.ca.gov
*Attorneys for Defendant
Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **WHITE,**<br><br>Plaintiff,<br><br>v.<br><br>**SANCHEZ,**<br><br>Defendant. | 2:21-cv-04066-GW-DFM<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:    The Honorable Douglas F. McCormick<br>Trial Date:  Not Set<br>Action Filed: 5/14/2021 |

**INTRODUCTION**

Defendant Sanchez ("Defendant") moved for summary judgment on the grounds that he did not retaliate against Plaintiff White ("Plaintiff") in violation of Plaintiff's First Amendment rights.  Defendant maintains that the undisputed facts show that Plaintiff cannot prove that he took adverse action against Plaintiff by destroying his property.  Even if Plaintiff can show that Defendant took adverse action against him, Plaintiff cannot show that Defendant took such action because of Plaintiff's constitutionally-protected conduct, without a legitimate correctional goal, or that Plaintiff, or a person of ordinary firmness, would have been chilled as a result of Defendant's conduct.  Additionally, Defendant is entitled to qualified

immunity.  Plaintiff's opposition to Defendant's motion fails to demonstrate that there is a genuine dispute of material fact as to whether Defendant retaliated against Plaintiff.  Instead, Plaintiff only reiterates his speculative allegations without supporting evidence.  Accordingly, Defendant's motion for summary judgment should be granted.

## ARGUMENT

### I. THERE IS NO TRIABLE ISSUE OF MATERIAL FACT ON PLAINTIFF'S RETALIATION CLAIM.

Plaintiff fails to present evidence creating a triable issue of material fact concerning his retaliation claim.  Defendant maintains that he did not take adverse action against Plaintiff, and that even if he can be shown to have taken such action, such action was not because of Plaintiff's constitutionally-protected conduct and was instead supported by a legitimate correctional goal.  Plaintiff also cannot prove that he was chilled as a result of Defendant's conduct or that a person of ordinary firmness would have been chilled.

As detailed in Defendant's motion for summary judgment, Plaintiff's claim that Defendant destroyed his property is itself uncertain and speculative.  Plaintiff's deposition testimony shows that he cannot prove that Defendant destroyed his property, which allegedly included boxes of legal materials.  Plaintiff stated that he did not know when or how his property was destroyed.  (ECF No. 97-4 at p. 46.) He otherwise fails to prove, with supporting evidence, that Defendant destroyed his property.  In addition, although Plaintiff claims in his opposition that circumstantial evidence sufficiently supports his allegation that Defendant destroyed his property (ECF No. 102 at pp. 5-6), the evidence Plaintiff points to is simply speculative.  He discusses a chain of custody and alleges that Defendant was the last custodian of the property in question but cannot provide any evidence to support his speculation that Defendant destroyed the property and Plaintiff cannot show that a reasonable jury would make the inference that Defendant destroyed his property (*Id*.).  *See*

*Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("mere speculation that defendants acted out of retaliation is not sufficient."). Accordingly, Plaintiff fails in his opposition to show that there is a genuine dispute of material fact as to whether Plaintiff can prove that Defendant destroyed his property.

Even if Plaintiff can prove that Defendant took adverse action against him, Plaintiff cannot show that said adverse action was because of his constitutionally protected conduct. When Plaintiff was transferred to administrative segregation, he possessed property in excess of what was permitted by institutional regulations. (ECF Nos. 97-5 at ¶ 2, 97-4.) After inventorying and consolidating Plaintiff's property, and confirming what property was allowable, Defendant informed Plaintiff that excess property could be disposed of, sent home, or stored. (ECF Nos. 97-5; 97-4.) Plaintiff neglected to express a choice, instead responding "fuck you" to Defendant. (ECF No. 97-5 at ¶ 4.) Defendant did not interact further with Plaintiff. (ECF No. 97-5.) Evidence shows that even if Defendant did take adverse action against Plaintiff, such action was because of Plaintiff's own conduct and failure to express his desired method of handling the excess property. Defendant's conduct was thus not because of Plaintiff's constitutionally-protected conduct. In fact, the constitutionally-protected conduct Plaintiff alleges—his threat of a grievance or previous grievances against other correctional staff—could not have motivated Defendant's conduct as Plaintiff's own testimony showed that he could not prove that Defendant was familiar with the other staff members. (ECF Nos. 97-5 at ¶ 5; 97-4.) Additionally, the timing of events fails to show retaliatory intent; Plaintiff's argument that Defendant's threat to destroy the property was on the same day Plaintiff reported another staff member's use of force (ECF No. 102 at p. 7) rests on several assumptions, not inferences, and would not be used by a jury to find retaliatory intent. As such, there is no genuine dispute of material fact as to whether Defendant took adverse action against Plaintiff because of Plaintiff's constitutionally-protected conduct.

Furthermore, Defendant's conduct was supported by the legitimate correctional goal of following institutional regulations.  Defendant's conduct concerning Plaintiff's property was in recognition of the limits placed on the amount of property inmates were permitted to possess.  He inventoried and consolidated Plaintiff's property, in accordance with the instructions he was given, and approached Plaintiff to ask him what he wanted done with the excess property after confirming what property was allowable.  (ECF Nos. 97-5, 97-4.)  Defendant's conduct was therefore in furtherance of a legitimate correctional goal and Plaintiff has not adequately shown that a reasonable jury could find otherwise.

Finally, beyond mere speculation, Plaintiff cannot show that he was chilled, or that a person of ordinary firmness would have been chilled, as a result of Defendant's conduct.  (ECF No. 102 at 9.)  Plaintiff's opposition fails to provide any evidence to support the assertion that a chilling effect occurred, and indeed, his own zealous litigation of another lawsuit indicates that he was not chilled (ECF Nos. 102 at p. 9; 97-1 at p. 9).

## II.   DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.

Beyond the merits of Plaintiff's claims, qualified immunity also shields Defendant from liability.  Plaintiff's opposition does not sufficiently challenge Defendant's assertion that the undisputed facts show that no constitutional violation occurred.  Furthermore, Plaintiff cites no case law supporting the assertion that inmates have a right to be free from the destruction of their property when they possess excess property and fail to request that such property be stored.  Accordingly, Defendant is entitled to qualified immunity.

## CONCLUSION

Plaintiff cannot establish a violation of his First Amendment rights.  The undisputed facts fail to establish that Defendant took adverse action against Plaintiff by destroying his property.  In addition, even if Plaintiff can show that Defendant took adverse action against him, he cannot show that Defendant took such action

because of Plaintiff's constitutionally-protected activity, without a legitimate correctional goal, or that Plaintiff, or a person of ordinary firmness, would have been chilled as a result of Defendant's conduct.  Accordingly, Defendant should be granted summary judgment in his favor.

Dated: August 7, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General


*/s/ Isha Vazirani*
ISHA VAZIRANI
Deputy Attorney General
*Attorneys for Defendant Sanchez*

LA2022401620
45176947

# CERTIFICATE OF SERVICE

Case Name:   *White v. Sanchez*                      No.    **2:21-cv-04066-GW-DFM**

I hereby certify that on August 7, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**DEFENDANT'S RESPONSE TO STATEMENT OF GENUINE DISPUTES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on August 7, 2026, at San Francisco, California.


|  M. Paredes  |  */s/ M. Paredes*  |
|:---:|:---:|
| Declarant | Signature |

LA2022401620
45177276