ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General
ISHA VAZIRANI
Deputy Attorney General
State Bar No. 354914
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3478
 Fax:  (415) 703-5843
 E-mail:  Isha.Vazirani@doj.ca.gov
*Attorneys for Defendant*
*Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **WHITE,**<br><br>                                Plaintiff,<br><br>          **v.**<br><br>**SANCHEZ,**<br><br>                                `Defendant. | 2:21-cv-04066-GW-DFM<br><br>**DEFENDANT'S RESPONSE TO STATEMENT OF GENUINE DISPUTES**<br><br>Judge:        The Honorable Douglas F. McCormick<br>Trial Date:   Not Set<br>Action Filed: 5/14/2021 |

As required by Local Rule 56-3, Defendant's response to Plaintiff's statement of genuine disputes (ECF No. 102-1) as follows:

| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
|---|---|
| 1. Plaintiff White ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation.  At all times relevant to | 1. Undisputed that Plaintiff is a state prisoner in CDCR custody and was housed at California Men's Colony at all relevant times. Disputed as to the |

1

| | |
|---|---|
| the allegations in his complaint, he was housed at California Men's Colony. Plaintiff was transferred from his housing unit to administrative segregation on April 19, 2020. (Declaration of J. Sanchez ("Sanchez Decl.") at ¶ 2; Vazirani Decl. Ex. A at 15.) | April 19, 2020 transfer date: Plaintiff was transferred to administrative segregation on April 10, 2020, as Sanchez's own declaration and exhibit confirm. Sanchez's sole support for the April 19 date is a citation to "Vazirani Decl. Ex. A at 15," but page 15 of the deposition transcript is not among the pages Sanchez filed: Exhibit A contains only pages 1–4, 29–30, 33–42, and 46 of the transcript. The April 19 date therefore has no evidentiary support in the record.<br><br>Evidence: Sanchez Decl. ¶ 2; Vazirani Decl. Ex. D (ECF 97-4 at 36); White Decl. ¶¶ 8–9; White Dep. 40:3–5 (Vazirani Decl. Ex. A). |
| 1. Moving Party's Response Defendant concedes that Plaintiff was transferred to administrative segregation on April 10, 2020, as confirmed by the record, and that "April 19, 2020" was an inadvertent typo. | |
| 2. Defendant Sanchez ("Defendant") was instructed by his supervisor to | 2. Undisputed. |

| | |
|---|---|
| inventory Plaintiff's property while he awaited placement into administrative segregation.  (Sanchez Decl. at ¶ 2.) | |
| 2. Moving Party's Response<br><br>As this is undisputed, no response is necessary. | |
| 3. Plaintiff had property in his cell that was in excess of what CDCR and institutional rules permitted.  (Sanchez Decl. at ¶ 2; Vazirani Decl. Ex. B; Vazirani Decl. Ex. C.) | 3. Disputed as stated. The characterization is a legal conclusion and is materially incomplete as to the six boxes of legal materials: active-case legal materials carry an additional one cubic-foot allowance beyond the six cubic-foot limit, and legal materials exceeding that allowance must be stored by the institution or dispositioned pursuant to section 3191(c), not destroyed. Sanchez's own April 10 inventory designated the property "Legal Materials," and Sanchez admits he did not know whether the paperwork concerned active legal cases.<br><br>Evidence: Cal. Code Regs. tit. 15, §§ 3161, 3191(c) (Mayne Decl. Ex. A); DOM § 54030.10.2 (Vazirani Decl. Ex. |

3

| | B, ECF 97-4 at 27–28); Vazirani Decl. Ex. D (ECF 97-4 at 36); White Decl. ¶¶ 15, 17; Sanchez Decl. ¶ 5. |
|---|---|
| 3. Moving Party's Response<br><br>Defendant's sworn declaration and other institutional records confirm that Plaintiff possessed property in excess of what regulations permitted. (Sanchez Decl. at ¶ 2; Vazirani Decl. Ex. B; Vazirani Decl. Ex. C.) | |
| 4. Much of the excess property consisted of paperwork stored in boxes. (Sanchez Decl. at ¶ 2; Vazirani Decl. Ex. C.) | 4. Undisputed. (See Response No. 3 regarding the characterization of the property as "excess.") |
| 4. Moving Party's Response<br><br>As this is undisputed, no response is necessary. | |
| 5. Defendant took the boxes out of Plaintiff's cell without removing the paperwork from the boxes. (Sanchez Decl. at ¶ 2.) | 5. Undisputed. |
| 5. Moving Party's Response | |

| | |
|---|---|
| As this is undisputed, no response is necessary. | |
| 6. Defendant completed a CDCR 1083 Inmate Property Inventory form, which Plaintiff reviewed and signed. (Sanchez Decl. at ¶ 2.) Plaintiff's property was securely stored. (*Id.*) | 6. Disputed. Plaintiff could not and did not meaningfully review the inventory: he could not see the property on the cart and could not verify the form's accuracy. He signed only after Sanchez threatened that he would lose all of his property if he did not sign, and did so under protest. "Securely stored" is also disputed: the six boxes were never logged, sealed, or stored as legal materials as CDCR rules require; Plaintiff was never given the required weekly access; no disposition was ever recorded; and the boxes were never returned. Sanchez himself testifies that he is not aware of what ultimately happened to the property.<br><br>Evidence: White Decl. ¶¶ 10–12, 17–18; White Dep. 46:4–6; Sanchez Decl. ¶¶ 3, 5; Cal. Code Regs. tit. 15, §§ 3161, 3191(c) (Mayne Decl. Ex. A); DOM §§ 54030.6, 54030.10.2, 54030.13.2(a)(4) (Vazirani Decl. Ex. B, ECF 97-4 at 23, 27–28, 30); Vazirani |

| | Decl. Exs. C–D (ECF 97-4 at 33–34, 37). |
|---|---|
| 6. Moving Party's Response<br><br>Plaintiff cannot refute, with supporting evidence, that Defendant completed a CDCR 1083 Inmate Property Inventory form, which Plaintiff reviewed and signed, or that the property in question was securely stored.  (Sanchez Decl. at ¶ 2.) | |
| 7. Several days later, Defendant's supervisor instructed him to consolidate Plaintiff's property, provide Plaintiff a new Inmate Property Inventory Form, and ask Plaintiff how he wished the excess property to be disposed of. (Sanchez Decl. at ¶ 2.; Vazirani Decl. Ex. D.)  Defendant confirmed with CMC's Reception and Release what property was allowable.  (*Id.*) | 7. Disputed in part. The consolidation occurred on May 8, 2020, approximately four weeks after the April 10 seizure, not "several days later." Plaintiff lacks personal knowledge of Sanchez's internal instructions. Disputed to the extent the fact implies Sanchez asked Plaintiff how he wished the property handled: Sanchez never presented any disposition options and never asked.<br><br>Evidence: White Decl. ¶¶ 13–14; White Dep. 46:19–21; Vazirani Decl. Exs. C–D (ECF 97-4 at 33–34, 37). |

6

| | |
|---|---|
| 7. Moving Party's Response<br><br>Plaintiff fails to materially dispute this fact with supporting evidence. (Sanchez Decl. at ¶ 2.; Vazirani Decl. Ex. D.) | |
| 8. Defendant then approached Plaintiff in administrative segregation and informed Plaintiff that excess property could be disposed of, sent home, or stored in Reception and Release. (Vazirani Decl. Ex. B; Sanchez Decl. at ¶ 4.) | 8. Disputed. Sanchez never presented Plaintiff with any options for handling his property, on May 8, 2020 or on any other occasion. He never said the property could be sent home, donated, or stored, and never asked how Plaintiff wanted it handled.<br><br>Evidence: White Decl. ¶ 14; White Dep. 46:19–21 ("he was supposed to give me an opportunity to send my property home or put it in R&R. He didn't give me that opportunity."); White Dep. 30:2–9. |
| 8. Moving Party's Response<br><br>Plaintiff cannot refute, with supporting evidence, this fact.  Plaintiff's own self-serving testimony fails to refute this fact.  (Vazirani Decl. Ex. B; Sanchez Decl. at ¶ 4.) | |

| | |
|---|---|
| 9. Plaintiff responded "fuck you" to Defendant. (Sanchez Decl. at ¶ 4.) Defendant responded "okay" and told his supervising Sergeant of his interaction with Plaintiff. (*Id.*) | 9. Disputed. Plaintiff never told Sanchez "fuck you." The stated fact also omits the parties' actual April 10 exchange: Sanchez demanded that Plaintiff drop his grievances and complaints against Sanchez's coworker officers and threatened total property loss, and Plaintiff responded that if Sanchez took or destroyed his property, Plaintiff would file a grievance against Sanchez and sue him.<br><br>Evidence: White Decl. ¶¶ 11–12, 14. |
| 9. Moving Party's Response<br><br>Plaintiff fails to dispute this fact with supporting evidence, absent his self-serving testimony. | |
| 10. Defendant's supervising Sergeant proceeded to contact Plaintiff in the administrative segregation housing unit, and Defendant did not have further interactions with Plaintiff. (Sanchez Decl. at ¶ 4.) | 10. Undisputed. |
| 10. Moving Party's Response | |

8

| | |
|---|---|
| As this is undisputed, no response is necessary. | |
| 11. Defendant is not aware of the final disposition of Plaintiff's property. (Sanchez Decl. at ¶ 5.) | 11. Undisputed that Sanchez so testifies. The fact is material against Sanchez: CDCR rules required the custodian to record a disposition (a signed inmate election or a documented staff determination) and to return the property within 15 days of Plaintiff's release. That the last documented custodian of six boxes of active-case legal files cannot account for them is evidence of an unlawful, undocumented disposition, not a defense. Sanchez further admits he did not know whether the paperwork concerned active legal cases.<br><br>Evidence: Cal. Code Regs. tit. 15, § 3191(c) (Mayne Decl. Ex. A); DOM §§ 54030.12.2, 54030.13.2(a)(4) (Vazirani Decl. Ex. B, ECF 97-4 at 29–30); White Decl. ¶¶ 18–19; White Dep. 30:2–9, 46:4–6; Sanchez Decl. ¶ 5; Vazirani Decl. Exs. C–D (ECF 97-4 at 33–34, 37). |
| 11. Moving Party's Response | |

| | |
|---|---|
| Plaintiff cannot materially refute this fact, and Defendant maintains that Plaintiff's attempt to do so does not materially address Plaintiff's claim against Defendant. | |
| 12. Plaintiff does not know when or how Defendant allegedly destroyed his property.  (Vazirani Decl. Ex. A at pp. 29-30.)  Plaintiff believes that Defendant was the last one to have his property, and is thus responsible for that property.  (*Id*.) | 12. Undisputed that Plaintiff did not witness the destruction and does not know its exact date or manner; the fact is immaterial. Retaliation may be proven by circumstantial evidence, and the undisputed chain of custody (Sanchez seized, inventoried, and consolidated the property, was its last documented custodian, recorded no disposition, and never returned it) permits a reasonable jury to find Sanchez responsible.<br><br>Evidence: White Decl. ¶ 19; White Dep. 29:19–30:9, 46:4–6; Vazirani Decl. Exs. C–D (ECF 97-4 at 33–37); Def.'s SUF 11; Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003). |
| 12.  Moving Party's Response | |

| Plaintiff cannot materially refute this fact, and Defendant maintains that Plaintiff's attempt to do so does not materially address Plaintiff's claim against Defendant.  Plaintiff's reliance on circumstantial evidence is insufficient to show that Defendant was responsible for Plaintiff's property or took the alleged retaliatory actions. | |
| --- | --- |

Dated:  August 7, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General

*/s/ Isha Vazirani*
ISHA VAZIRANI
Deputy Attorney General
*Attorneys for Defendant Sanchez*

LA2022401620
45177184

11